## City of Meadville's Appeals.

After a preliminary injunction had been granted, the defendant took such action as cured the defect on which it depended; the complainant nevertheless then procured a second injunction.  *Held,* on appeal from the two, that both should be dissolved; the first at the costs of complainant (appellee), the second at the costs of defendants (appellants).

(Decided February 15, 1886.)

Writs of certiorari sur appeals from decrees of the Common Pleas of Crawford County, in equity, granting injunctions.  Dissolved.

In 1883 the authorities of the city of Meadville, by resolution, authorized the fire and water committee of the city to negotiate with electric lighting companies to furnish electric lights for lighting the streets and public buildings of the city.   After investigation and reports from the committee the city council passed a resolution that the city adopt a system of electric lighting for its streets and public buildings; and that a committee of three be appointed to obtain bids for the same, including power, buildings, and such other arrangements as were necessary to be made.

Subsequently, the report of this committee was approved, and by resolution a committee was appointed to prepare a contract with the company selected, for the requisite number of lights. The contract as prepared was, upon motion, received; and the mayor was authorized to execute the same, which was done.

The company, in compliance with the contract, put in the plant complete; the city agreeing to pay for everything at original cost at the expiration of one year, except the electrical machinery; and for that also if one year's trial proved satisfactory.

NOTE.—Costs on appeal may be imposed on either party by the supreme court, though ordinarily they will be placed on the losing party.   Cameron v. Paul, 11 Pa. 277; Heyer's Appeal, 34 Pa. 183; Taylor's Appeal, 21 W. N. C. 356; Kraut v. Fox, 1 W. N. C. 401.   So, even if the decree in equity be affirmed, the costs may be imposed upon the appellees if it appear that the rights of the appellant have been disregarded.   Heilman v. Lebanon & A. Street R. Co. 180 Pa. 627, 37 Atl. 119.   If the appellate court directs the payment of the costs by a certain party, the decree is binding upon the lower court, though some of the costs have not yet been taxed in the court below.   Janes v. Crowell, 87 Pa. 428.

At the expiration of the year, the apparatus proving satisfactory, the city authorities were about to take the necessary action to fulfil the terms of the contract on the part of the city, when, in accordance with a bill filed by W. R. Bole, a resident and taxpayer of the city, they were enjoined by the court, under the allegation in the bill that the increased indebtedness would exceed $100,000, the limit fixed by the city charter; and that no ordinance had been passed by the city council authorizing the adoption of electric lighting for the city.

From this action of the court the city and the mayor and councilmen thereof appealed.

In 1885 a new council was sworn in. To remedy the alleged defect in the proceedings of the former council the new council passed a city ordinance which was approved August 20, 1885, authorizing the corporate authorities to light the streets by electricity, etc.

August 21, 1885, a supplemental bill was filed, praying that an injunction be issued restraining respondent from issuing any bonds or paying any money in pursuance of any pretended authority under the said ordinance, which was granted; and on hearing, August 28, 1885, the court decreed that the preliminary injunction heretofore issued August 21, 1885, be continued until final hearing or the further order of the court, and restrained respondent from "entering into or in any way executing any new contract or consummating any old contract with the Fuller Electrical Company, for the purposes mentioned in the ordinance, approved August 20, 1885, until the final hearing of this cause, or until the final order of the court."

From which supplementary decree and preliminary injunction the city and the mayor and councilmen thereof appealed.

*Thomas Roddy, J. J. Henderson,* and *C. W. Tyler* for appellants.

*J. W. Smith* for appellee.

Per Curiam:

These two appeals are from preliminary injunctions made in the same case, but at different stages thereof. They were argued together. The action of the appellants after the first decree was made appears to have cured the defect on which it was based, and practically superseded its effect.

And now each decree of injunction is dissolved; the first one at the costs of the appellee, and the latter at the costs of the appellants.